[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12270
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02201-CV-S

CORSTIAAN A. KOK, (Tony),

Plaintiff-Appellant,

versus

KADANT BLACK CLAWSON, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 24, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Corstiaan Kok appeals the summary judgment in favor of his former

employer, Kadant Black Clawson, and against Kok's complaint that Kadant violated the Alabama Age Discrimination in Employment Act. Ala. Code § 25-1-22. Kok challenges the decision of the district court on two grounds. First, Kok argues that the district court should have granted his motion to remand the case to the state court because the amount in controversy did not meet the threshold for the exercise of diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Second, Kok argues that Kadant failed to present evidence to establish that the nondiscriminatory reasons proffered for his termination were not pretextual. We affirm.

Kok's argument that the district court lacked subject-matter jurisdiction fails. Kok, a resident of Jefferson County, Alabama, sought unspecified damages for "back pay, front pay, [and] compensatory[] and punitive damages." Kadant, a Delaware corporation with a principle place of business in Ohio, removed the action to federal court based on diversity jurisdiction. 28 U.S.C. § 1446. Kok filed a motion to remand and to disavow any recovery beyond $74,999, but he did not assert that the amount in controversy was less than the jurisdictional threshold when he filed his complaint. Kadant opposed Kok's motion and calculated Kok's recovery for back pay from the date of his termination to trial to equal $94,963. See Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1347 (11th Cir. 2000). To support its calculation, Kadant submitted Kok's W-2 form that listed Kok's gross

pay for the first 11 months of the year at $75,823.66 and an affidavit that stated that Kok's benefits within the same period were valued at $7,944.71. The district court correctly concluded that Kadant established that, at the time of removal, Kok's complaint for damages exceeded the amount in controversy required for diversity jurisdiction. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 948–49 (11th Cir. 2000).

Kok's argument that the district court erred in its decision on the merits also fails. Under Alabama Code § 25-1-22, it is "an unlawful employment practice for an employer to . . . discharge an individual . . . because of the age of the individual." The Alabama Age Discrimination in Employment Act employs the same analytical framework that applies to federal age-discrimination claims. Robinson v. Ala. Cent. Credit Union, 964 So. 2d 1225, 1228 (Ala. 2007). The district court concluded that Kok established a prima facie case of discrimination, so we review de novo whether the reasons proffered for Kok's termination — lack of skills and poor performance — were merely pretexts for discrimination. See Rowell v. BellSouth Corp., 433 F.3d 794, 798 (11th Cir. 2005).

Kok failed to establish that the legitimate reasons Kadant proffered for terminating Kok were pretextual. See Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) ("Provided that the proffered reason is one that

3

might motivate a reasonable employer, an employee must meet that reason head on and rebut it."). To establish pretext, Kok was required to prove that the "'the proffered reason was not the true reason for the employment decision . . . either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation [was] unworthy of credence.'" Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256, 101 S. Ct. 1089, 1095 (1981)). Kok did not present any evidence of discriminatory animus by Kadant. Kok testified that he did not believe that his new supervisor, Tobin Alt, or anyone else during Kok's two years of employment with Kadant had discriminated against him based on his age.

Kadant presented evidence that it fired Kok for legitimate reasons. Kadant hired Kok to sell pulp washers and, two years later, decided to concentrate sales on its more profitable heat transfer and recausticization equipment. Kadant demoted Kok's General Manager and hired Alt under the directive that he increase sales. Kok's job description changed and he was given additional training regarding the equipment and instructed about his sales goals and new responsibilities, but Kok failed to satisfy his new sales goals and required assistance to close sales. After Kadant decided that other individuals with more practical experience in the

industry would make better salesmen for their products, Kadant fired Kok's fellow account manager, Bill Haren, interviewed two candidates, Kurt Skrifvars and Bob Cicale, and hired Skrifvars to replace Haren. Two months after interviewing Cicale, Kadant fired Kok, hired Cicale, and reorganized its sales territories. Cicale had operated and purchased pulp mill equipment from Kadant during the 25 years that he supervised four different pulp mills and had extensive contacts within the industry.

Kok failed to present evidence that the reasons proffered by Kadant were pretextual. "We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999). Viewing all the evidence in the light most favorable to Kok, he did not raise a genuine issue of material fact as to whether Kadant's reasons for his termination were discriminatory or unworthy of credence. Rowell, 433 F.3d at 798. The district court did not err when it granted summary judgment in favor of Kadant.

The summary judgment in favor of Kadant is **AFFIRMED**.